DECISION ON MOTION FOR ARTICULATION

EAGAN, J.

INTRODUCTION

Following the dismissal of his suit in September 2011, the plaintiff, Louis Fernandez, appealed from the Judgment entered for the defendant, Mohegan Tribal Gaming Authority (“MTGA”), and simultaneously filed a Motion for Articulation. The Motion is denied.

BACKGROUND

At the conclusion of plaintiffs evidentia-ry case for damages resulting from a fall at the Mohegan Sun Arena, the defendant moved to dismiss for failure to establish a prima facie case in that no evidence had been produced showing the defendant had notice of the alleged defect, a puddle of clear liquid, prior to the fall. On September 21, 2011, this Court granted the defendant’s Motion and Judgment was entered for the defendant.
The pending Motion for Articulation was made pursuant to Connecticut Practice Book Section 66-5, which the Gaming Disputes Court of Appeals Rules of Appellate Procedure adopt pursuant to G.D.A.P. Rule 1(a). The Motion requests the Court articulate its September 21, 2011 Decision on seven points.

DISCUSSION

The decision subject to the Articulation Requests focused on whether plaintiff had made a prima facie case showing that the defendant had constructive notice of the presence of a clear liquid on the floor which resulted in plaintiffs fall. The Court found that based on plaintiffs own theory of the case, the clear liquid puddle could have been on the floor for as little as approximately 10 minutes before plaintiff stepped in it and that, under the totality of the facts as set forth in the decision, this amount of time was insufficient to constitute constructive notice.
The standard the Connecticut Courts uniformly apply in determining if Articulation Requests should be granted is: “[Ajn articulation is appropriate where the trial court’s decision contains some ambiguity or deficiency reasonably susceptible of clarification ... [PJroper utilization of the motion for articulation serves to dispel any ... ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal.” (Internal quotation marks omitted). Misthopoulos v. Misthopoulos, 297 Conn. 358, 379, 999 A.2d 721 (2010) Alliance Partners, Inc. v. Oxford Health Plans, Inc. 263 Conn. 191, 204, 819 A.2d 227 (2003) An Articulation is also proper “to ask the trial judge to rule on an overlooked matter.” Schoonmaker v. Brunoli, 265 Conn. 210, 232, 828 A.2d 64 (2003); Cadlerock Properties Joint Venture v. Commissioner of Environmental Protection, 253 Conn. 661, 674-75, 757 A.2d 1 (2000), cert. denied 531 U.S. 1148, 121 S.Ct. 1089, 148 L.Ed.2d 963 (2001) When the plaintiffs Articulation Requests are measured against this standard, they fail to meet it.
Plaintiffs Requests ask for articulation on matters that, in the opinion of this Court, will not, in any way, “sharpen the issues on appeal” or clarify “some ambiguity or deficiency reasonably susceptible to clarification,” or relate to an “overlooked matter” in its decision. “An articulation .., is not an opportunity for a trial Court to substitute a new decision [or] to change the reasoning of basis of a prior decision.”
*394 Miller v. Kirshner[,] 205 [225] Conn. 185, 208 [621 A.2d 1326] (1993) Request for Articulation Number 4[1] also ignores the principle that courts should avoid "entangling themselves in abstract disagreements.” Milford Power Company v. Alstom Power, Inc,[,] 263 Conn. 616, 626 [822 A.2d 196] (2003) and indeed “would be rendering an advisory opinion, which courts are not inclined to do,” Constantino v. Skolnick, 294 Conn. 719, 728 [988 A.2d 257] (2010) See also, [Echavarria v.] National Grange Mutual Ins. Co., 275 Conn. 408, 419 [880 A.2d 882] (2005); Hallas v. Windsor[,] 212 Conn. 338, 347 [562 A.2d 499] (1989)
Plaintiffs Articulation Requests Numbers 1 and 5 relate to the absence of surveillance footage showing the area where the plaintiff fell. Plaintiff asks the Court to articulate whether plaintiff bears burden of producing evidence as to why the defendant is unable to produce such surveillance footage (Request Number 1); and whether plaintiff will ever be able to prove constructive notice without it. (Request Number 5).
This Court has previously discussed the extent to which a plaintiff can fill an evi-dentiary void relating to constructive notice through the defendant’s failure to preserve videotapes. Miller v. Mohegan Tribal Gaming Authority, 2 G.D.R. 149, 6 Am. Tribal Law 543 (2005). In the instant case, the plaintiff did not at any time during the proceeding seek to explore why no surveillance footage existed. Thus, the September 21, 2011 decision’s sole reference to the surveillance tapes is that there were none and no explanation offered as to why there were none. Not only would the Articulation that plaintiff seeks in Requests Numbers 1 and 5 go beyond “clarifying” the present decision, it would introduce, after the conclusion of the trial court proceedings, the issue of spoliation which was not addressed by the September decision nor either party.
CONCLUSION
The Motion is denied.

, The plaintiff requests the Trial Court articulate the period of time the plaintiff must prove liquid to be on the floor in order to be suffi-dent to constitute constructive notice.